# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CAMERON FERGERSON, <br><br> Defendant. | Case No. 3:14-cr-00025-SLG |

## ORDER RE MOTION TO CLARIFY

Before the Court at Docket 38 is Defendant Cameron Fergerson's Motion to Clarify Sentence Imposed. The Government did not file any response to the motion.

## BACKGROUND

On February 25 and March 1, 2014, Cameron Fergerson robbed two banks of a total of $3,678.00.[1]

On March 3, 2014, Mr. Fergerson was arrested for alleged probation violations in connection with State of Alaska case no. 3AN-12-12691 CR, for conduct unrelated to the instant case.[2] The original offense in that case occurred on December 3, 2012.[3] In April 2013, Mr. Fergerson was sentenced by the state court to 36 months, with 30 months suspended on Count 1, and 20 days on Count 2.[4] Mr. Fergerson's March 3, 2014 arrest

---

[1] Docket 22 (PSR) at 1.

[2] Docket 22 at 5. In case no. 3AN-12-12691 CR, Mr. Fergerson was convicted of Theft in the Second Degree and Violating Conditions of Release. *See* Docket 22 at 17.

[3] Docket 22 at 17.

[4] Docket 22 at 17.

stemmed from allegations that he violated his conditions of probation by failing to report to the probation officer, ingesting opiates and marijuana, and possessing drug paraphernalia.[5]

Meanwhile, on March 10, 2014, a Criminal Complaint was filed in this Court against Mr. Fergerson for the events of February 25 and March 1, 2014, alleging bank robbery in violation of 18 U.S.C. § 2113.[6] On March 19, 2014, an Indictment was filed alleging the two counts of bank robbery.[7] On April 17, 2014, Mr. Fergerson pled guilty to both counts.[8] On July 10, 2014, Mr. Fergerson was sentenced to a below guidelines sentence of 60 months' imprisonment to be followed by three years' supervised release.[9] At the sentencing hearing, there was no discussion of the pending state probation violation proceedings.

In the state case, on December 1, 2014, Mr. Fergerson was found to have violated the conditions of probation and was ordered to serve the 30 months that had originally been suspended.[10] Mr. Fergerson has been in custody since his arrest on March 3, 2014.[11]

---

[5] Docket 22 at 18.

[6] Docket 1 (Compl.).

[7] Docket 10 (Indictment).

[8] Docket 20 (Minute Entry re Change of Plea Hr'g).

[9] Docket 29 (J.). The sentence of 60 months was below the guideline range of 77 to 96 months, based on a total offense level of 21 and a criminal history category of VI. *See* Docket 30 (Statement of Reasons) at 1; Docket 22 at 24.

[10] Docket 38-1 (Order to Revoke Probation). The state court order issued on December 1, 2014 referenced an amended petition to revoke probation. It is not clear what was alleged in the amended petition. *Cf.* Docket 22 at 17–18, ¶ 54.

[11] Docket 22 at 3. Because Mr. Fergerson's initial arrest occurred as a result of the state probation

Case No. 3:14-cr-00025-SLG, *United States v. Fergerson*
Order re Motion to Clarify
Page 2 of 4

**DISCUSSION**

Mr. Fergerson asserts that the Bureau of Prisons "incorrectly calculated the term of [his] imprisonment" by setting his release date as April 10, 2020.[12] Mr. Fergerson asserts that his 60-month sentence "should have begun on the date of his arraignment on these charges, March 20, 2014, or the date of his arrest which was March 10, 2014."[13] He contends that "[a]t the very latest his federal sentence should have begun" on July 10, 2014, the date of his sentencing in this case.[14] Accordingly, he asks this Court to retroactively "exercise its discretion to order a concurrent sentence."[15]

Mr. Fergerson was sentenced in this case on July 10, 2014. His motion does not specify the basis upon which he is seeking relief, but no apparent bases are now available. Pursuant to Federal Rule of Criminal Procedure 35(a), within 14 days of the entry of a criminal judgment, a court may "correct a sentence that resulted from arithmetical, technical, or other clear error." Pursuant to Criminal Rule 35(b), a sentence may be reduced upon the Government's motion after 14 days but only if the reduction is due to the defendant's substantial assistance and other specific circumstances apply,

---

violation charge3s against him, he has evidently been in state custody since March 3, 2014. It appears he began serving his federal sentence in this case no sooner than April 10, 2015. *See infra* note 12.

[12] Docket 38 at 1. This release date indicates that, according to BOP, Mr. Fergerson began serving his federal sentence no sooner than April 10, 2015, as he was sentenced to serve 60 months, minus any reduction for good behavior.

[13] Docket 38 at 2.

[14] Docket 38 at 2.

[15] Docket 38 at 3.

Case No. 3:14-cr-00025-SLG, *United States v. Fergerson*
Order re Motion to Clarify
Page 3 of 4

none of which are applicable here.[16] Furthermore, Mr. Fergerson's motion would be untimely even if it were brought pursuant to 28 U.S.C. § 2255, which applies a one-year statute of limitations.[17] Therefore, Mr. Fergerson's motion is untimely.

Mr. Fergerson cites *Setser v. United States* for the proposition that a district court may order that a federal sentence run concurrently with an anticipated state sentence that has not yet been imposed.[18] However, the concurrent sentence must have been ordered at the time that the federal sentence was entered, which in this case occurred more than three years prior to Mr. Fergerson's motion.[19] And here, there is no indication that the Court at sentencing intended Mr. Fergerson's federal sentence to run concurrently with a potential sentence resulting from the unrelated then-pending probation violation state court proceeding.

## CONCLUSION

In light of the foregoing, Defendant's Motion to Clarify at Docket 38 is DENIED.

DATED this 2nd day of April, 2018.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[16] Fed. R. Crim. P. 35(b).

[17] 18 U.S.C. § 2255(f).

[18] Docket 38 at 2–3 (citing *Setser v. United States*, 566 U.S. 231 (2012)).

[19] *See* 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.").

Case No. 3:14-cr-00025-SLG, *United States v. Fergerson*
Order re Motion to Clarify
Page 4 of 4